UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA (MOBILE)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CHAPTER 7 |
| MARTIN HASKINS PATRICK, | * | |
| | * | CASE NO. 10-03485 |
| DEBTOR | * | |

## MOTION TO COMPEL TRUSTEE TO ABANDON CERTAIN PROPERTY OF THE ESTATE

Comes now, Fairways Exploration & Production, LLC, by and through its undersigned attorney of record, and moves this Honorable Court to enter an order compelling the Chapter 7 Trustee to abandon certain property of the estate pursuant to Section 554(b) of the Bankruptcy Code and, as grounds for said motion, states as follows:

1. Martin Haskins Patrick (hereinafter referred to as "Debtor") filed this voluntary Chapter 7 Bankruptcy proceeding on or about July 29, 2010.

2. Fairways Exploration & Production, LLC ("Fairways" or "Movant") is a party in interest in this Chapter 7 proceeding and is an oil and gas operator that proposes to drill a well on the Northwest Quarter of Section 14, Township 5 North, Range 13 East, in Conecuh County, Alabama ("Property"). The Property is a 160 acre tract that is jointly owned by as many as 60 individuals.

3. Upon information and belief, Debtor is the legal interest holder of a .0794218% mineral interest in 24 acres in the Northwest Quarter of the Property ("Mineral Interest").

4. On or about January 19, 2011, without knowledge of Debtor's current bankruptcy case, Movant initiated a petition to have the Mineral Interest of the Debtor force integrated by the Oil and Gas Board of the State of Alabama, a procedure that is established pursuant to § 9-17-13 of *Code of Alabama* (1975) ("Force Pooling Proceeding"). A force integration is an administrative procedure by which the interest of an owner, which has not voluntarily agreed to integrate its

mineral interest by Lease, Farmout or Participation, may be integrated into the unit and the well drilled to prevent waste, promote development of mineral resources and protect the coequal and correlative rights of all the other owners in the unit. A hearing on the Force Pooling Proceeding of the interest of the Debtor (the proposed Morgan 14-08 #1 well comprised Northwest Quarter of Section 14, Township 5 North, Range 13 East) was originally scheduled for February 8 and 10, 2011, before the State Oil and Gas Board of Alabama, but was continued at the request of Movant to March 29th and March 31st, 2011 before the Oil and Gas Board of the State of Alabama as Docket Number 02-08-11-17, and is currently scheduled to be heard on such day.

5. Upon information and belief, the Debtor's Mineral Interest is property of this bankruptcy estate under 11 U.S.C. §541. As a result, the Force Pooling Proceeding is stayed by operation of 11 U.S.C. §362.

6. Movant asserts that the Debtor's Mineral Interest is of minimal and inconsequential value to the Bankruptcy Estate. Despite the same, because the Debtor's Mineral Interest is protected by the automatic stay, the Force Pooling Proceeding is stayed and the entire drilling operation has been put on hold and is in jeopardy.

7. Unless Movant is granted relief from the automatic stay to proceed with the Force Pooling Proceeding, it will suffer irreparable harm and injury. As mentioned above, drilling on the entire Property, in which Debtor only holds a fractional interest, is being held up due to the application of the stay to Debtor's Mineral Interest. The Force Pooling Proceeding cannot proceed until the automatic stay has been terminated with regard to Debtor's Mineral Interest.

8. Pursuant to 11 U.S.C. §554(b), the Court may order the Trustee to abandon property where the property is burdensome to the estate or of inconsequential value or benefit to the estate. As mentioned above, the debtor percentage ownership of the mineral rights is .0794218%. The

Case No. 10-03485
Page 2
Case 10-03485    Doc 74    Filed 02/21/11    Entered 02/21/11 16:18:18    Desc Main
Document    Page 2 of 4

valuation of a mineral interest is a complicated Movant believes the Trustee would realize minimal value. Determining present value of a mineral interest that is subject to future drilling is difficult and is based on many factors including but not limited to: a) the acreage being in a county and field where active drilling is being conducted; b) having an exploration company interested in drilling a well on a particular tract; and c) the likelihood that hydrocarbon reserves underlie a particular tract so as to make a well drilled a productive one. However, by way of illustration for the Court, in the event that drilling was successful and the well in question generated 150 barrels of oil a day (this would be considered a very good well), the yield to the Debtor would be a monthly revenue check of **$12.06** (150 barrel a day x 30 days x $90 per barrel oil x 0119145% [interest relative to 24 acres within a 160 acre unit] x .25 royalty).

    WHEREFORE, Fairways Exploration & Production, LLC moves this Honorable Court to:

    A.    Enter an Order compelling the Trustee to abandon her interest in the Debtor's Mineral Interest pursuant to 11 U.S.C .§554(b) and lifting the stay to allow Movant to proceed with its Force Pooling Proceeding.

    B.    Movant prays for such other and further relief to which it may be entitled.

    *s/ Kristofor D. Sodergren*
Kristofor D. Sodergren (SODEK-0591)
Attorney for Fairways Exploration & Production, LLC
File No. 50465.004

OF COUNSEL

ROSEN HARWOOD, P.A.
2200 Jack Warner Parkway, Suite 200
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000

CERTIFICATE OF SERVICE

This is to certify that I have this day served the following:

Irvin Grodsky
Attorney for Debtor
P.O. Box 3123
Mobile, AL 36652-3123

Lynn Andrews
Chapter 7 Trustee
P.O. Box 2094
Fairhope, AL 36533

Travis M. Bedsole, Jr.
U.S. Bankruptcy Administrator
P.O. Box 3083
Mobile, AL 36652-3083

Martin Haskins Patrick
Debtor
4100 Ursuline Drive
Mobile, AL 36608

This the 21st day of February, 2011.

        *s/ Kristofor D. Sodergren*
        Kristofor D. Sodergren
        Of Counsel for Fairways Exploration & Production, LLC